# UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Nov 03, 2020**

SEAN F. McAVOY, CLERK

| | | | |
|---|---|---|---|
| U.S.A. vs. | Villa, Kalista Ann | Docket No. | 4:19CR06061-SAB-5 |

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Erik Carlson, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Kalista Ann Villa, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers, sitting in the Court at Spokane, Washington, on the 5th day of February 2020, under the following conditions:

**Standard Condition #1:** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**Additional Condition of Release #14:** Defendant shall remain in the Eastern District of Washington while the case is pending. By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**Modified Condition (CM/ECF No. 247):** With prior approval from U.S. Probation as to date, time and location, Defendant is permitted in person contact with Kevin Moore.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1:** Kalista Ann Villa is alleged to have violated her conditions of pretrial release supervision by failing to report law enforcement contact that occurred on October 26, 2020, within 1 business day.

On February 14, 2020, the conditions of pretrial release supervision were reviewed with Ms. Villa. Ms. Villa acknowledged an understanding of the conditions, which included standard condition number 1.

The following information was gathered from Kootenai County Sheriff's Office incident report number 20-46438.

On October 26, 2020, at 11:29 a.m., deputies with the Kootenai County Sheriff's Office responded to the Coeur d'Alene Casino, in Worley, Idaho, in reference to an alleged drug offense.

Upon arrival, the deputies contacted a casino security officer who advised a casino maintenance worker had located a small baggy, containing a white powder, while vacuuming on the morning of October 26, 2020. The security officer advised that he observed Kalista Villa, on video surveillance, exiting the casino, when a small baggy containing a white power, believed to be methamphetamine, allegedly fell from her person. The baggy containing the suspected methamphetamine was under constant surveillance in the casino security office until law enforcement arrived.

The deputy observed the surveillance footage, which clearly showed the small baggy fall from her person as she left the casino momentarily. While watching video surveillance, the deputies observed Ms. Villa leave the slot machine she was sitting at and appeared to be leaving the casino. Subsequently, the responding deputies contacted Ms. Villa at a seating area outside of the casino's entrance.

**Re: Villa, Kalista Ann**
**November 3, 2020**
**Page 2**

The deputy contacted Ms. Villa, advised her of her Miranda Rights, and began to question her. She denied any knowledge of the substance, or the baggy. Ms. Villa allegedly told the deputy that she used to use and sell methamphetamine, but claimed she had been clean for the last 400 days.

Ms. Villa went on to state she had just purchased the dress she was wearing from Goodwill, and thought the baggy could have been stuck in the flaps of the dress prior to her owning the garment. Proceeding this statement, Ms. Villa allegedly claimed there were no pockets whatsoever on her outfit, where the baggy could have been placed. When asked if she carried any items in her bra, Ms. Villa reportedly felt her chest area and said she did not carry anything in her bra.

Prior to contacting Ms. Villa, the responding deputy reviewed the video surveillance. The deputy observed through video surveillance that just prior to leaving the slot machine Ms. Villa was using, it appeared she was frantically searching through her bag and felt around her chest area as if she was missing something. When questioned, Ms. Villa reportedly stated she had misplaced her debit card, but later found it. She denied looking for anything else on her person or in her purse and denied having any other illegal substances.

The deputy then administered a "Nartec" test of the white powder, which tested presumptive positive for the presence of amphetamine. The powder also contained small blue and pink pieces that appeared to be consistent with crushed pills.

It should be noted that Ms. Villa later advised her husband, Kevin Moore, that she hasn't crushed up pills in a long time.

Ms. Villa was placed under arrest for possession of a controlled substance and possession of paraphernalia with intent to use.

As the deputy spoke with Ms. Villa, she was having trouble breathing and talking. The deputy assisted Ms. Villa by giving her an inhaler that was in her bag. However, her breathing remained labored and Ms. Villa complained of her chest being tight from trying to breathe. Subsequently, medical personnel responded to the scene and Ms. Villa wanted to be taken to the hospital.

Due to Ms. Villa's medical state, the symptoms she was describing, and the extra precautions being taken due to COVID-19, the deputy decided to release Ms. Villa from custody. The deputy believed that placing Ms. Villa at the Kootenai County Jail would put her, other inmates, and the detention deputies at risk. Ms. Villa explained to the deputy that she had congestive heart failure, and with that information the deputy determined that being released to medical personnel would be in her best interest.

The deputy explained to Ms. Villa that she was no longer under arrest, but charges would be pursued. Ms. Villa reportedly stated she understood and still requested that medical personnel take her to the hospital.

On October 28, 2020, the undersigned officer conducted a virtual meeting with Ms. Villa. She was in the Spokane Valley Hospital with breathing issues. Ms. Villa failed to report this law enforcement contact to the undersigned officer at that time.

Upon learning more about the above-noted law enforcement contact, the undersigned officer confronted Ms. Villa on October 29, 2020. She acknowledged she had law enforcement contact on October 26, 2020.

**Violation #2:** Kalista Ann Villa is alleged to have violated her pretrial release supervision by traveling to the District of Idaho, on October 26, 2020, without obtaining prior permission.

On February 14, 2020, the conditions of pretrial release supervision were reviewed with Ms. Villa. Ms. Villa acknowledged an understanding of the conditions, which included additional condition number 14.

As noted in violation number 1, on October 26, 2020, Ms. Villa was contacted by the Kootenai County Sheriff's Office at the Coeur d'Alene Casino in Worley, Idaho. Ms. Villa did not obtain prior authorization to travel to the District of Idaho on October 26, 2020.

PS-8

**Re: Villa, Kalista Ann**
**November 3, 2020**
**Page 3**

**Violation #3:** Kalista Ann Villa is alleged to have violated her pretrial release supervision by having in person contact with Kevin Moore on October 26, 2020, without prior permission from the U.S. Probation Office.

On October 26, 2020, the Court granted a motion from Ms. Villa that permitted her to have contact with her husband, Kevin Moore, with prior permission from the U.S. Probation Office. Prior to October 26, 2020, Ms. Villa's conditions of pretrial release supervision prohibited her from having any contact with Mr. Moore.

As noted in violation number 1 of this petition, on October 26, 2020, Ms. Villa was contacted by the Kootenai County Sheriff's Office (KCSO). According to KCSO incident report number 20-46438, Mr. Moore was present during this law enforcement interaction. Ms. Villa did not have prior permission from the U.S. Probation Office to have in person contact with Kevin Moore.

On October 29, 2020, the undersigned officer confronted Ms. Villa about her contact with Kevin Moore. Ms. Villa stated Mr. Moore was already at the Coeur d'Alene Casino when she arrived. Ms. Villa had not obtained prior permission from the U.S. Probation Office to have contact with Mr. Moore.

PRAYING THAT THE COURT WILL ORDER A SUMMONS

|  | I declare under the penalty of perjury that the foregoing is true and correct. |
|---|---|
|  | Executed on:    November 3, 2020 |
| by | s/Erik Carlson |
|  | Erik Carlson<br>U.S. Pretrial Services Officer |

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this
       petition with the other violations pending before the
       Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Signature of Judicial Officer

November 3, 2020

Date